UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARON SMITH,

    Plaintiff,

v.                                                                                    Case No. 05-70644

JOANN MILLER, GLEN LEWIS, in                             HONORABLE AVERN COHN
their individual capacities, and the
CITY OF DETROIT and in the alternative
LEONARD MOULTRIE,

    Defendants.

_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**[1]

I. Introduction

This is a case under 42 U.S.C. § 1983 claiming violations of the Fourth Amendment. Plaintiff Laron Smith (Smith) is suing defendants Joann Miller (Miller) and Glen Lewis (Lewis), who are police officers, and the City of Detroit claiming that he was arrested with excessive force and was falsely imprisoned. Smith is also suing defendant Leonard Moultrie (Moultrie) for misrepresentation claiming that he previously pretended to be Smith which resulted in the arrest of Smith at issue in this case.

The City of Detroit removed the case from Wayne County Circuit Court. Miller joined in the removal. Lewis had not been served as of the time of removal; he was served on May 5, 2005, and has not yet joined in the removal. As explained below, it

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

appears that Moultrie has not yet been served.

Before the Court is Smith's motion to remand. For the reasons that follow, the motion is DENIED.

## II. Background

### A. Factual

Smith was at a neighbor's house when he was confronted by Miller and Lewis. It is undisputed that Smith was unarmed and did not resist arrest. Smith claims that (1) while being arrested excessive force was used, (2) he was not informed he was being arrested or of his rights, and (3) there was no probable cause for the arrest. Part of the reason why Smith was arrested is because of Moultrie's use of Smith's identity. Apparently, while interacting with the police department and police officers on at least one occasion, Moultrie, pretending to be Smith, gave the police officers possibly incorrect information about Smith.

### B. Procedural

The complaint is in conflict about when the arrest occurred, but it was either in May or October of 2003. The original complaint was filed in Wayne County Circuit Court on August 24, 2004. A first amended complaint was filed on November 18, 2004. On the same day, the state court entered an order for substitute service on Moultrie. On February 17, 2005, the City of Detroit removed the case to federal court. On February 18, 2005, Miller filed a notice of joinder in the removal. On March 16, 2005, Smith filed the instant motion to remand. A second amended complaint was filed on March 29, 2004 presenting the following claims: (1) false arrest and imprisonment against Miller and Lewis (2) assault and battery against Miller and Lewis; (3) tort liability of Lewis and Miller officers; (4) intentional infliction of emotional distress against Miller and Lewis; (5) violation of § 1983

against the City of Detroit, Miller, and Lewis; and (6) negligent/intentional misrepresentation against Moultrie.

### III. Analysis

#### A. Summary of Arguments

Smith argues that the case should be remanded because Moultrie did not join the removal. In the alternative, Smith argues that his state claims should be remanded.

The City of Detroit and Miller say the case should not be remanded for several reasons. First, Moultrie did not have to join because (1) he was not properly served, (2) the claims against him are separate and independent, and (3) he is a nominal party. Additionally, the City of Detroit and Miller argue that the court has and should exercise supplemental jurisdiction over the state claims.

#### B. Removal of the Case - Joinder of Moultrie

Under 28 U.S.C. §§ 1446(a) and 1441(c), all necessary defendants must join a motion to remove. Dunn v. Ayre, 934 F. Supp. 812, 813-814 (E.D. Mich. 1996); N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 272 (7th Cir. 1982). Moultrie did not join the removal petition. However, because as explained below, Moutrie did not have to join in the removal, a remand is not warranted.

First, the service on Moultrie was not effective and therefore not valid. Under MCR 2.105 and 2.106 alternate service is available. The state court entered an order permitting alternative service on Moultrie. However, the alternate service was ineffective and insufficient. First, under MCR 2.106(C)(1) the alternate service order must list: (1) "a statement describing the nature of the proceedings," (2) "directions as to where and when to answer or take other action permitted by law or court rule, and" (3) "a statement to the

3

effect of failure to answer or to take other action." The alternate service order for Moultrie did not include these requirements and is therefore ineffective and insufficient service. Second, service was not posted in the correct number of places or for the required time. MCR 2.106 requires the service to be posted in the courthouse and at least two other locations for three or more weeks. The record shows that that service was not posted in the courthouse or two public places and therefore could not have been posted for the required amount of time. However, service was posted to Moultrie's last known address. Due to these omissions, the alternative service on Moultrie was incomplete and ineffective. Parties that receive incomplete, ineffective or no service are not required to join a motion to remove. See Dunn at 814; N. Ill. Gas Co. at 273. Thus, Moultrie did not have to join in the removal.

Second, where the claim against a party is separate and independent and is nonremovable, that party is not required to join the motion for removal. 28 U.S.C. § 1441(c); Dunn, 943 F. Supp. at 814; Farias v. Bexar County Bd. Of Tr. for Mental Health Mental Retardation Services, 925 F.2d 866, 871 (5th Cir. 1991). Under 1441(c) when there are separate and independent claims, if at least one claim is removable, "the entire case can be removed," even if one or more of the claims are nonremovable. The claim against Moultrie is significantly different from those against the other parties and can easily be distinguished and tried separately. That is, the claims against Miller, Lewis, and the City of Detroit are: (1) false arrest, (2) false imprisonment, (3) assault and battery, (4) emotional distress, and (5) violation of 42 U.S.C. § 1983. The claim against Moultrie is misrepresentation. The claims against Miller, Lewis, and the City of Detroit are separate, independent, and removable, thus, the entire case can be removed and Moultrie did not

have to join in the removal.

Third, where a party is nominal it does not need to join in the removal. Dunn at 814; Farias 871. The common test for when a party is nominal is: "whether in the absence of the [defendant], the court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff." Stonybrook Tenants Assoc., Inc. v. Albert, 194 F. Supp. 552, 559 (D. Conn. 1961). While information about Moultrie's actions is necessary for fair and equitable judgment of the claims against Miller, Lewis, and the City of Detroit, the claim against Moultrie is not. Similarly, the Moultrie claims can be fairly and equitably adjudicated without hearing the other claims. Since Moultrie satisfies the nominal party test, he is not required to join in the removal.

Finally, the City of Detroit and Miller also argue that under MCR 2.103(B) service was not made by an appropriate person. This argument lacks merit. MCR 2.103(A) is the applicable rule, not 2.103(B). Smith more than likely satisfied the requirements of MCR 2.103(A), which allows for any legally competent person, who is not a party in the action, to perform the service.

Overall, because Moultrie was not required to join in removal, the removal was not defective.

### C.  Remand of Smith's State Law Claims

Smith alternatively requests that should the Court find removal proper, that the Court remand his state law claims. Under 28 U.S.C. § 1367, because the Court has original jurisdiction over some of the claims it has supplemental jurisdiction over the state claims. This is because Smith's state claims (1) are not novel or complex, (2) do not predominate over the claims that present federal questions, (3) no claims have been dismissed, and (4)

5

there are no any exceptional circumstances.  Smith argues that jury confusion will result from trying the federal and state claims together.  This is not a concern because a well-instructed jury will be able to distinguish the requirements for each claim.  There is no significant reason to separate them when (1) the Court is capable of hearing all of the claims and (2) hearing claims together is as or more efficient than separating them.  Thus, the Court at its discretion will exercise supplemental jurisdiction over Smith's state law claims.

### D.  Other Issues

The City of Detroit and Miller argue in passing that (1) the case should be dismissed under Fed. R. Civ. P. 12(b)(6) and (2) that under Fed. R. Civ. P. 11 monetary sanctions should be awarded.  Rule 12(b)(6) requires a separate motion and until one is filed, the Court will not address whether dismissal of Smith's claims are appropriate. Moreover, Rule 11 also requires a separate motion which is not before the Court.

SO ORDERED.


Dated:  June 1, 2005
          s/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 1, 2005, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager, (313) 234-5160